# FEDERAL DEFENDER SERVICES
# OF WISCONSIN, INC.

LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin 53703

Telephone 608-260-9900
Facsimile 608-260-9901

March 11, 2021

Honorable Stephen L. Crocker,
United States Magistrate Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Daniel Peggs*
            Case No. 20CR20-jdp

Dear Judge Crocker:

    In anticipation of tomorrow's status hearing, the defense files this letter laying out the current state of discovery, what still needs to be turned over (and reviewed), as well as where the defense is with pretrial motions and how the defense hopes to proceed.

    As the Court knows, the first batch of discovery was very slim. After that, several disclosures followed and now almost 170,000 batestamped pages have been turned over. Some of these are reports or documents, some are spread sheets, others are cell phone downloads and computer dumps. It's a mountain of discovery. The last batch of discovery will come from a seizure in North Carolina, and it tops out at four terabytes. Not all of that will be relevant to the defense, but it's very important discovery because it should give a broader view of what happened in this case.

    To give a sense of the timeline, the defense learned of this North Carolina discovery during a meeting on September 17, 2020. Of course, it takes time to process that information and so the defense waited. On November 17, 2020, the government sent the defense a letter stating that the devices were too large to catalogue but that they would

Federal Defender Services
  Of Wisconsin, Inc.

March 10, 2021
Page -2-

be made available to the defense at DCI—we had to make an appointment. In December, the defense set aside two days to review the devices and this information. After half a day at DCI, it was clear that the devices made available were not those from North Carolina. They were still being reviewed.

After several emails and calls, the defense learned that the devices would not, in fact, be available until the information had been reviewed by the investigating agency and reports prepared. It wasn't clear when this would be done: late January, possibly into February. On February 5, 2021, the defense reached out and learned that the investigators had finished much their review as it related to *this* case and a report would be forthcoming. The reports would, of course, help the defense narrow the searches of the devices to the timeframe and material that would bear on the defense.

Out of respect for the prosecution's trial in *Coney*, the defense did not inquire about this in mid- and late-February. The defense reached out early this week and learned that there are over 500 relevant videos, and there are forthcoming reports concerning thousands of text messages and other aspects of this investigation. Those reports will be turned over tomorrow, March 12; and the defense has set aside all day Tuesday to begin watching the relevant videos at DCI—more dates will follow. To be clear, there is additional information within the North Carolina discovery that the defense must review with a forensic examiner; it is not available in an easy to review format, like Cellbrite.

Without seeing the new discovery, it's hard to anticipate what it will mean for trial prep and a potential trial date. Rather than asking for another status, the defense would respectfully request that the Court set a pretrial motion deadline—the defense would request June 1. Little in the North Carolina should disturb the pretrial motions that the defense intends to file, and setting a pretrial motion deadline will move the case along. To give the Court and the government a preview of the pretrial motions that the defense plans to file, they include:

- A motion for a bill of particulars;
- A motion to sever counts;
- A *Franks* motion;
- A motion to suppress;
- Motion to dismiss, on various grounds, including multiplicity, that the image charged is not child pornography, and *ex post facto* grounds;
- An as-applied Tenth Amendment challenge; and
- Motions concerning whether the complaining witness is actually a minor.

Federal Defender Services
    Of Wisconsin, Inc.

March 10, 2021

Page -3-

      To be clear, the defense has not sat idle since the last status. It has reviewed the 170,000 pages of discovery, mapped out it's motions and trial defense, and drafted the motion for a bill of particulars. The defense planned to file that motion this week; however, after discussions with AUSA Pfluger about what the new discovery contains, the defense will wait to see the new batch of videos before deciding how to proceed. While the other motions can all be filed on June 1 and a briefing deadline set then, the defense would prefer that if the defense decides to fill the motion for a bill of particulars, that the issue be briefed before the other motions briefing deadline is set in June. Here's why: this case has (and will) demand a lot of investigation. To the extent that the Court grants the bill of particulars, the defense can focus its resources and investigation. The sooner this is done the better.

      In sum, the defense is still waiting on a large amount of new discovery. The defense, however, wants to move this case along and respectfully requests a pretrial motion deadline of June 1. If the defense opts to file for a bill of particulars, defense would respectfully request a shorter deadline for responding than June 1, because if it is granted it will save time and energy. Finally, the defense does not feel it can or should set a trial date until it has had an opportunity to review the remaining discovery. While it will be easy to watch the videos and read through the thousands of text messages, hiring and taking time with the forensic examiner to work through the rest of the material could take a lot of time. And over the next two months, I will be out on paternity leave for a significant period—depending on when the baby is born. Thus, waiting to set a trial date until the pretrial motions are filed will (I hope) allow everyone to have a clear indication of where things are going.

                        Sincerely,

                        */s/ Joseph A. Bugni*

                        Joseph A. Bugni
                        Associate Federal Defender