UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.                                              Case No. 20-cr-20-jdp

DANIEL PEGGS,

        *Defendant.*

## SECOND PRETRIAL MOTION: MOTION TO SEVER COUNT 4

Daniel Peggs, by counsel, files this motion to sever Count 4 of the Indictment charging Peggs with possession of child pornography. In deciding this motion, the Court needs to only resolve one question:

> Under Rule 8(a), a single indictment may charge separate offenses *if* they are "based on the same act or transaction, are connected with or constitute parts of a common scheme or plan, or are of similar character." Here, the indictment charges Peggs with six counts: five relate to encounters with Jane Doe, a seventeen year old between October 2015 and May 2016. Count four stems from an unrelated LimeWire download in 2008 of child pornography, which was then unknowingly transferred to Peggs in 2012.[1] Is the 2012 file transfer sufficiently "based on the same act or transaction," or "part of a common scheme or plan" to be properly joined under Rule 8(a)?

---

[1] Bates 25573

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

## I. Introduction.

The facts of this case are set out in the first pretrial motion, and so they will only be briefly touched upon here, with the focus on Count 4. In 2015, through early 2016, Peggs engaged in a sexual relationship with Doe. In February 2020, Peggs was indicted for allegedly trafficking Doe and on one of the occasions it was videotaped for her boyfriend, Peggs was charged with producing child pornography. During the investigation, agents searched Peggs's devices, including a portable hard drive shared by him and his wife at the time. According to the reports, the hard drive contained tens of thousands of songs, many of which were originally downloaded from a now illegal website, LimeWire. The report shows that the videos in question were all originally downloaded from LimeWire between: 01/12/2008 to 02/17/2008. Subsequently, there was a massive transfer on 07/01/2012 of music files. Within this transfer of music files, was also a buried sub-file of child pornography, involving prepubescent children. The files (according to the report) were not accessed after 07/01/2012. [2] Here is a visual breakdown of the discovery.



---
[2] Bates 25573

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

There is no evidence Peggs downloaded this particular file in 2008—as opposed to having transferred a half-terabyte of, what he thought, were only songs. Rather, the "created date/time" match the "last accessed date/time" exactly. There is also no evidence he knew about the files' existence, as they were transferred on the same date as tens of thousands of music files. Further, there is no connection between the videos charged in count 4, and the rest of the charges Peggs faces—charges that all focus on his relationship with Jane Doe in 2015 and 2016.

II.     **Analysis**.

The facts of this case (as expressed in the first pretrial motion) are convoluted, but the law on severing counts is simple. There are three criteria for joining charges. First, are they part of the same act or transaction; second, is it a common plan or scheme; and third, whether the offenses are of the same or similar character? Concerning the first two bases, there is no single test for whether charges are "based on the same act or transaction, or are connected with or constitute part of a common scheme or plan." Fed. R. Crim. P. 8(a). Instead, courts look at whether the "commission of one of the offenses either depended upon or necessarily led to the commission of the other; [whether] proof of the one act either constituted or depended upon proof of the other." *United States v. Jawara*, 474 F.3d 565, 574 (9th Cir. 2007). Generally, where two charges have no temporal nexus, joinder is inappropriate. *United States v. Litwok*, 678 F.3d 208, 217 (2d Cir. 2012); *United States v. Mann*, 701 F.3d 274, 290 (8th Cir. 2012). And that's because generally without the nexus, the charges don't interrelate as part of the same transaction or scheme. Without

belaboring the point, nothing connects the LimeWire charges (from 2008/2012) with those concerning Doe in 2015 and 2016. *United States v Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008).

The only real argument for joining count 4 with the rest of the counts is that they are all "of the same or similar character." Fed. R. Crim. P. 8(a). While there is a visceral appeal to arguing that possessing child pornography is of a similar character to producing it, here that wouldn't be the case. First, there is no allegation that Peggs has an interest in children *generally* and that the other counts are an outgrowth of count 4. Rather, the Doe-related counts are all of a specific minor, who Peggs had an on-going sexual relationship with. Second, the similarity between these charges rests only on a "remote level of abstraction." *United States v. Lowry*, 409 F.Supp. 2d 732, 743–45 (W.D.Va. 2006). There is no factual overlap (or similarity) between the two sets of charges. With count 4, Peggs allegedly possessed videos on a hard drive; with the rest of the counts, he didn't possess anything. He had sex with Doe and *she* videotaped it for her boyfriend. Other than the broad categories of "sex crimes involving children" there is nothing "of the same or similar character" linking count 4 with the rest of the superseding indictment.

Other courts have noted, that the slightest overlap of subject matter isn't enough to join two counts that are otherwise unrelated: "While the offenses all involved firearms, albeit different firearms, nothing ties them together except the defendant." *United States v. Hawkins*, 776 F.3d 200, 209 (4th Cir. 2015). In a very comprehensive opinion on Rule 8(a)'s demands, the Ninth Circuit offered this in the way of a test: "We consider it

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)." *United States v. Jawara,* 474 F.3d 565, 578 (9th Cir. 2007). The court continued: "the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment. Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity." *Id.*

The court continued on that point, holding that the same subject matter doesn't cut it: "If subject matter similarity alone were sufficient, wholly unrelated charges for threatening an immigration officer upon initial entry to the United States and participating in an alien smuggling operation several years later could be deemed to be of the 'same or similar character.'" *Id.* at 579. It continued with one final example: "Or, in the drug context, consider the example of a pharmacist who sells, over the counter, unlawful amounts of products containing pseudoephedrine and then, some years later, buys cocaine from a government informant. Both crimes involve drugs and a druggist, but surely such a general thematic commonality does not make the offenses of the 'same or similar character.' *To extend the rule so broadly would lead to absurd results and render the 'same or similar' test without meaningful limits*." *Id.* (emphasis added).

Here, there is no overlap or commonality between count 4 and the rest of the indictment. Counts 1-3 and 5-6 all relate to Peggs's behavior with Jane Doe between October 2015 and May 2016. The images and videos referenced in Counts 2, 3, 5, and 6 all stem from Peggs and Doe's ongoing relationship. The depictions that form the basis for Count 4, however, stem from a 2008/2012 download, involving prepubescent children—three years *before* Peggs ever met Doe. *Hubbard*, 61 F.3d at 1271 ("[W]hen nearly a year and a half transpires [between the offenses], something more must tie the two offenses together."). Except in the most abstract form, the crimes are not of the same or similar character. And thus, they cannot be joined in a single indictment and certainly should not be tried together.

### III. Conclusion

This is a relatively straightforward (and short) motion. The indictment charges Peggs with conduct relating to two separate events with no overlapping facts or alleged scheme. Without a temporal or factual link, they cannot be joined as the same act or transaction, and they can't be joined as a common scheme. Indeed, the factual evidence of each charge (and the defenses) are completely separate. And it's only in the highest level of abstraction that count 4 can be thought of a similar character with the rest of the indictment. Thus, count 4 must be severed from the rest of the charges.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Dated at Madison, Wisconsin this 25 day of June, 2021.

Respectfully submitted,

Daniel Peggs, Defendant

*/s/Joseph A. Bugni*
Joseph A. Bugni

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
Joseph_bugni@fd.org