UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.                                            Case No. 20-cr-20-jdp

DANIEL PEGGS,

        *Defendant.*

## THIRD PRETRIAL MOTION: MOTION TO DISMISS COUNT 5

Daniel Peggs, by counsel, moves to dismiss count 5 of the superseding indictment. That count alleges that Peggs knowingly received an image of child pornography—namely a file name beginning $RU92R. The problem is both the description of that image and after viewing that image, it does not meet the statutory definition of child pornography. It does not entail any sexual explicit conduct by the minor; instead, it focuses on the minor's breasts and there is no lascivious display of the genitalia. Given the breadth of the facts recounted in the first pretrial motion, this will be short and to the point.

During an ongoing sexual relationship with Jane Doe, Peggs texted with her. On January 9, 2016, he asks her what she's been up to, and she responds "just painting and being lonely." Bates 168851. These allegations are all taken from the search warrant affidavit and it accurately reflects that actual text messages that have been produced in discovery. After asking "no craziness tonight," Doe responds "Sadly … No" and Peggs volunteers "I might have forgotten what you look like." *Id.* at 168852. After some banal

back-and-forth flirting, he asks her to send a "picture." And she sends him the picture that underlies count 5. It is accurately described as:

> A multimedia message displaying a single color still image is sent. The image displays a nude teenage Asian female consistent in appearance to ▮ seated upon the edge of a bed. The camera is positioned in front of and to the right of ▮ and ▮s face and nude body are clearly visible in the image. Her body is bound with black rope around her waist, arms, and torso. The rope is additionally wound around both of her breasts and in her groin region on either side of her vagina. Her unclothed breasts are focal points of the image.

*Id.* The defense has seen the image and that is an accurate depiction, though the defense would add that you cannot see the vagina in the image.

This Court knows the standard for child pornography. An image of child pornography must be an image of a minor engaged in sexually explicit conduct. *See* 18 U.S.C. § 2256(2)(A). There is nothing in the image that involves intercourse (in any form) or any of the other subsections involving masturbation, bestiality, or sadistic or masochistic abuse; rather, the question revolves around whether it involves a lascivious exhibition of the minor's anus, genitalia, or pubic area. *See id.* § 2256(2)(A)(v). The Seventh Circuit has been clear: there must be a lascivious display of genitalia—bare breasts do not qualify. *United States v. Griesbach*, 540 F.3d at 656. A topless photo of a child, even a sexually suggestive one, does not meet the definition of child pornography. *See United States v. Soderstrand*, 412 F.3d 1146, 1151 (10th Cir. 2005); *United States v. Kemmerling*, 285 F.3d 644, 645-46 (8th Cir. 2002); *United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001); *United States v. Knox*, 32 F.3d 733, 744 (3d Cir. 1994) (noting there must be "lascivious exhibition of the genitals or pubic area" and mere "nude or naked exhibition" is not

enough). Here, the photo and the description are (without question) sexually suggestive, but they are not an image that could be considered a lascivious display of genitalia. They involve a display of her bare breasts and that doesn't cut it.

There is, to be certain, a second image that is sent in the back-and-forth on January 9. That image is at the heart of count 6, and it qualifies as a lascivious display of genitalia. But the image in count 5, and with the accurate description given above, does not qualify. And Peggs cannot be held to stand trial for an image that no rational jury could find meets the definition of child pornography. Thus, the defense respectfully requests that the Court dismiss count 5.

Dated at Madison, Wisconsin this 25th day of June, 2021.

    Respectfully submitted,

    Daniel Peggs, Defendant

    */s/Joseph A. Bugni*
    Joseph A. Bugni

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
Joseph_bugni@fd.org