# FEDERAL DEFENDER SERVICES
# OF WISCONSIN, INC.
LEGAL COUNSEL

Craig W. Albee, Federal Defender
Krista A. Halla-Valdes, First Assistant

Joseph A. Bugni, Madison Supervisor
John W. Campion
Shelley M. Fite
Anderson M. Gansner
Gabriela A. Leija
Peter R. Moyers
Ronnie V. Murray
Tom E. Phillip
Joshua D. Uller
Kelly A. Welsh

22 East Mifflin Street
Suite 1000
Madison, Wisconsin  53703

Telephone 608-260-9900
Facsimile 608-260-9901

December 1, 2021

Honorable James D. Peterson
United States District Court Judge
120 North Henry Street
Madison, Wisconsin 53703

    Re:    *United States v. Daniel Peggs*
            Case No. 20CR20-jdp

Dear Judge Peterson:

    In anticipation of sentencing and to save the Court time at that hearing by not playing a long audio clip, the defense submits this letter addressing one of the government's principal points in its sentencing memo.

    The defense has chosen not to fight every battle in this case. It would distract from the main issues outlined in the sentencing memo. There is, however, one point where the government argues that the defense representation about the number of times Doe and Peggs had sex is "disingenuous." R.157:10. In support of its position, the government references to J.B.'s statement about meeting with Doe. *See id.* at 3, 10, n.10. No batesstamp was given in support of the government's assertion, so it took time to find the interview and see whether the defense was mistaken in its representation about J.B. and the encounter's timing. After listening to the interview, it's clear the government is mistaken in its representation about the timing of Peggs and Doe meeting with J.B. and her husband.

FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.

December 1, 2021
Page -2-

Learning this, the defense called the government and notified it of the mistake and asked that it be clarified for the Court. It did not agree with the defense. Rather than have the Court listen to the recording (in open court) to decide the matter, the defense has attached the notes of that audio. It's exhibit A and is only two pages and should put the matter to rest—quickly. To be clear, the police report omits what the audio clearly provides.

In the interview, J.B. recounts events from years ago and she's a little foggy and surprised at the officers showing up. She initially puts first meeting Peggs in November 2015, but within minutes clarifies: it was January 2016. Ex. A at 1 ("it was three months after she was married so it actually puts the time frame at January of 2016 when it started. It was cold."). She then recalls the meeting with Doe and it happening in the summer, because it was warm and Doe wore a dress. *Id.* ("It was warmer she had a dress on."). Additionally, contrary to Peggs memory of the encounter, she puts it a whole year later, "[b]ecause we initially met in 2016 and that was pretty regular then, *I didn't do anything with anyone else and him until years later*." Ex. A (emphasis added). Thus, that encounter happened after Doe turned 18, maybe even when she was 19.

Furthermore, the recording also makes clear that the government is mistaken when it represents that Peggs and J.B. were involved in group-sex setting from September 2015 through June 2016. R.157:3. The relationship spanned into 2019 and as the quote above makes clear the group activities did not happen until much later in the relationship.

Thus, far from making knowingly false representations, the defense has verified (and cited) every detail it has argued and presented to this court. And it stands by every one of them.

Thank you for your attention to this matter.

Sincerely,

*/s/ Joseph A. Bugni*

Joseph A. Bugni
Associate Federal Defender
