UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.                                                                  Case No. 20-cr-20-jdp

DANIEL PEGGS,

        *Defendant.*

## DEFEENSE'S RESPONSE TO THE GOVERNMENT'S
## MOTION FOR RESTITUTION

Daniel Peggs, by counsel, files this brief in response to the government's motion for restitution. R.182. The Court is very familiar with the facts, so the defense will not repeat them. Instead, this brief focuses on the four principal problems with the government's motion. These are:

1. The government is operating under the wrong statutory framework—its cited version (and changes) were not made retroactive, the 2016 version applies.

2. Restitution is limited to the *crime of conviction* and Peggs was convicted of possessing a single image of Doe.

3. The government is demanding restitution be imposed joint and severally with Ragon, but the statute doesn't allow this when (as here) the defendants were convicted in different cases and of different crimes.

4. The government has not made the appropriate showing for an award of a quarter million dollars against Peggs.

Before launching into those points, it's important to briefly sketch how the law reads and operates.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

1

### I. A brief overview of restitution law and how it must be applied here.

There are two statutory provisions at play: 18 U.S.C. § 3664(e) and § 2259. They overlap and inform each other. First, § 2259 provides the *mandatory* framework that governs Peggs's conviction. It is titled "Mandatory Restitution" and covers possession of child pornography. Peggs possessed his image on January 9, 2016. Therefore, the 2016 version, *not* the 2021 version applies.[1] Parts of the government's brief focuses on the changes made to the law in 2018, but the 2018 changes were not made retroactive. *Id.*

Under the 2016 version of the statute, restitution included any costs incurred by the victim for:

(A) Medical services relating to physical, psychiatric, or psychological care;
(B) Physical and occupational therapy or rehabilitation;
(C) Necessary transportation, temporary housing, and child care expenses;
(D) Lost income;
(E) Attorney's fees, as well as other costs incurred; and
(F) *Any other losses suffered by the victim as a proximate result of the offense*.

18 U.S.C. § 2259(b)(3) (emphasis added). For purposes of this brief, the most important part of the statute centers on the demand for proximate *causation* and the absence of a joint-and-several provision. Both are, of course, central components to the government's request. *See* R.182:2, 4-5. Finally, while § 2259 was amended in 2018 and the government cites those changes in support of its position, the governing law for this case was given a definitive interpretation by the Supreme Court in *Paroline,* and it governs this motion. *See Paroline v. United States,* 572 U.S. 434, 443 (2014).

---

[1] *United States v. Chapman*, 2021 WL 3879124 n.3 (D. Minn) ("It is the sense of Congress that individuals who violate this chapter prior to the date of the enactment of the [Act], but who are sentenced after such date, shall be subject to the statutory scheme that was in effect at the time the offenses were committed.")

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

The second important statutory provision in play is § 3664, which lays out the procedure for issuance and enforcement of the order of restitution. It provides that the request *must* come through the probation office to allow for a proper vetting of the documents. 18 U.S.C. § 3664(a) ("For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report."). Normally, the parties can (and will) bypass that demand by managing reasonable requests and coming to an agreement. Yet, in this case and as explained below, that step was skipped and the Court can (and must) give no weight to the government's supporting documentation. Section 3664 also makes clear that the burden of proof and persuasion lies with the government—a burden it must meet by a preponderance of the evidence. *Id.* § 3664(e) (noting the "burden of demonstrating the amount of the loss sustained by a victim as a result *of the offense* shall be on the attorney for the Government"). And while § 3664(h) refers to multiple defendants, it does so in reference to defendants pleading guilty to the same crime. *United States v. Aumais*, 656 F.3d 147, 156 (2d Cir. 2011); *see also Paroline*, 572 U.S. at 455. Finally, as the term "offense" appears in § 3664, it means that the defendant is only liable for losses stemming from the count of conviction. *United States v. Frith*, 461 F.3d 914, 920 (7th Cir. 2006).

All of that is a dense way of saying:

- The government has relied on the wrong version of the statute.

- There are two statutes working together that control this issue.

- The government's evidence has not been vetted.

- The statutes demand that the government show by a preponderance of the evidence that Peggs's possession of the single image was the *proximate* cause of Doe's harm.

With those principal points established, the issues with the government's legal contentions become clear—they are each addressed below.

### A. Peggs's *other behavior* is not contained within the count of conviction.

Throughout its motion, the government collapses the relevant conduct this Court considered at sentencing from what Peggs was convicted of, but for restitution purposes only the offense of conviction matters. *Frith*, 461 F.3d at 920 (7th Cir. 2006) ("Relevant conduct is not within the scope of either [restitution] statute."). Under § 2259, a victim is entitled to restitution which equals the value of losses and costs incurred "as a proximate result of the offenses involving the victim." § 2259(c)(2). A "victim," in turn, is the person who is "harmed as a result of a commission of *a crime*." § 2259(c)(4) (emphasis added). As the Supreme Court held in *Paroline*: "a straightforward reading of § 2259(c) indicates that the term 'a crime' refers to the offense of conviction. So if the defendant's offense conduct did not cause harm to an individual, that individual is by definition not a 'victim' entitled to restitution under § 2259." *Paroline*, 572 U.S. at 445 (citations omitted); *see also Frith*, 461 F.3d at 920 ("Restitution orders are limited to…losses caused by the specific conduct that is *the basis of the offense of conviction*."(emphasis added)). While the government charged Peggs with various crimes involving Doe, ultimately he plead to a single count—possession of child pornography in violation of 18 U.S.C. § 2252A. The causal offense for restitution purposes is limited to the damages resulting from that single image.

### B. There is no joint and several liability between Ragon and Peggs.

The government claims that 18 U.S.C. § 3664(h) authorizes the Court to make each defendant liable for the full amount of the restitution to the victim.[2] The government goes on to cite *Paroline*, but that case cuts against its argument for joint and several liability with Ragon. 572 U.S. at 443. There, the Supreme Court held that restitution under § 2259 for possession of child pornography is limited to those losses proximately caused by the defendant's conduct. *Id.* at 446. After Paroline's conviction, the woman depicted in the images sought $3.4 million in restitution and argued for joint and several liability, arguing that each possessor of the images should be held liable for the entirety of her losses. *Id.* at 441-42. The Court rejected that argument, explaining that "there is scant authority for her contention that offenders convicted in different proceedings in different jurisdictions and ordered to pay restitution to the same victim may seek contribution from one another." *Id.* at 455. And this is consistent with other courts that have limited the reach of restitution involving multiple defendants, across different cases: "§ 2259(b)(2)—dealing with the enforcement of the restitution order—cross references § 3664. Section 3664(h) implies that joint and several liability may be imposed only when a single district judge is dealing with multiple defendants in a single case (or indictment); so it would seem that the law does not contemplate apportionment of liability among defendants in different cases, before different judges, in different jurisdictions around the

---

[2] 18 U.S.C. § 3664(e) made applicable to § 2259 restitution actions by 18 U.S.C. § 2259(b)(2)

country." *Aumais*, 656 F.3d at 156. Thus, there is no joint and several liability between Peggs and Ragon. For future cases, though, it's worth noting even the changes made after *Paroline* did not allow for joint-and-several liability across multiple cases and defendants. *Id.*

### C. The government has not met its burden of establishing Doe's harm stemmed from his possession of that single image.

Those legal points narrow the analysis. We're not dealing with joint and several liability and we're not dealing with trafficking or production of child pornography. We're dealing with a single image and whether the government has met its burden that Peggs is responsible for the harm Doe suffered. There are three problems with the government's showing, all of which sink its argument.

First, we don't have any vetting of the documents by the probation office. *Id.* § 3664(a). We are told they came from Doe's mom—probably. R.182:5. But before we impose a quarter million dollars in restitution upon someone we should know what everything is and have it vetted. It's not just good practice; it's the law's demand. Indeed, we have no verification of how the numbers were arrived at, whether they are reliable, and why Peggs could somehow be responsible for many of the costs cited in the submitted medical billing. Indeed, without exhausting the problematic ones, it's hard to see how those on pages 6-8 could even come close to counting since they are for normal health concerns.

Second, not only are the documents not vetted, they don't even (on their face) support a showing that Peggs's crime was the proximate cause of Doe's need for on-going

mental health treatment. It's clear from the discovery that Doe was receiving psychiatric treatment for a long time before she met Peggs. There was a suicide attempt and a hospitalization in 2014, and there were other problems mentioned in 2015 through 2016. This is not to beat up the victim. Rather, it's the government burden and it hasn't shown that Peggs was the proximate cause of this on-going psychiatric need that originated before she met him and was exacerbated by many other actors besides Peggs. There is no effort by the government to partition the treatment with the harm incurred during this time or to tie a specific harm to Peggs.

Third, the bulk of the request is not supported by anything connecting Peggs's criminal conviction to Doe's on-going need for harm. All the government has submitted is a letter from a doctor and a large estimate based on unsupported assumptions. The letter provides little in the way of proof. Here's the evidence:

> ███████████ is a patient under my care. She does have a prior history of mental health conditions which have required medication and therapy, and she does continue to have mental health diagnoses that require medications and behavioral health counseling/therapy for management. I would recommend that she continue to receive these interventions to optimize her overall health.
>
> Please let me know if you have any additional questions or concerns regarding these results.
>
> Sincerely,
>
> Meghan C Pesko MD
> Family Practice

It doesn't tell the Court anything about *how* or *that* Peggs's crime of conviction caused on-going harm, what part of her treatment is attributable to prior events and what is attributable to Peggs, what the treatment has been, what the treatment will be, how long it might be, or how frequently it will be. The letter has none of the pertinent details that

would allow the government to bridge the gap and make the requisite showing. And yet, based on that letter the government extrapolates (via Doe's mom's calculations) that the treatment will go on for twenty years, it will be once a month. The government's guess is not a preponderance of the evidence. And it can't be used to saddle Peggs with a quarter million dollars in restitution for possessing a single image.

## II.     Conclusion.

Everyone feels terrible for what happened to Doe. At the age of seventeen, when she was vulnerable and damaged, she was taken advantage of by many men. There is no escaping the ramifications of that time. But the fact that she went through that and that Peggs contributed to it, doesn't mean we skip over the law's demands.  The law demands the 2016 version apply, the law demands that the restitution be tied to the count of conviction, the law demands that there be no joint and several liability across different cases and districts, and the law demands that the government carry its burden. Applying the law to this case means the government's motion must be denied.

Dated at Madison, Wisconsin, this 1st day of April, 2022.

                                          Respectfully submitted,
                                          Daniel Peggs, Defendant

                                          */s/Joseph A. Bugni*
                                          Joseph A. Bugni

FEDERAL DEFENDER SERVICES
 OF WISCONSIN, INC.
22 East Mifflin Street, Suite 1000
Madison, Wisconsin 53703
Tel: 608-260-9900
Fax: 608-260-9901
Joseph_bugni@fd.org